Joseph **WOODS**, Petitioner–Appellant,

v.

John P. **WHITLEY**, Warden, Respondent–Appellee.

No. 90–3705
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 12, 1991.

Joseph Woods, pro se.

Michael Reynolds, Asst. Dist. Atty., Richard M. Olsen, Asst. Dist., New Orleans, La., for respondent-appellee.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Petitioner Woods appeals from the district court's dismissal of his serial federal habeas corpus petition on the ground that it was an abuse of the writ. *See* Rule 9(b) of the Rules Governing § 2254 cases. Guided by the Supreme Court's recent decision in *McCleskey v. Zant,* —— U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), we affirm.

This is Woods's third application for a federal writ of habeas corpus. His first application, filed in September 1980, was treated as a "mixed" habeas and § 1983 petition and was dismissed without prejudice to allow Woods to exhaust his claim in state court.[1] From the Louisiana courts, he then successfully obtained a reduction from a life sentence to twenty years imprisonment on his convictions for drug and firearms offenses.

In November 1986, Woods filed a new federal habeas petition, following a second state petition, which asserted that Louisiana law shifted the burden of an element of the charged offense to the accused and that his twenty-year sentence was excessive. This court affirmed a dismissal on the merits. *Woods v. Butler,* 847 F.2d 1163 (5th Cir.1988), *cert. denied,* 488 U.S. 970, 109 S.Ct. 502, 102 L.Ed.2d 538 (1988).

The third federal habeas petition tracked a third state petition in alleging that Woods received ineffective assistance of counsel at his original trial, because counsel did not win the motion to suppress on grounds that Woods's arrest, search and seizure were accomplished without probable cause.[2] The district court sent Woods the model form inquiring why his petition should not be barred as successive under Rule 9(b) of the Rules Governing § 2254 cases. In response, Woods claimed that he was unaware of the facts and legal theories of his present claims prior to filing. The district court dismissed Woods's third petition with prejudice, holding that it was barred under Rule 9(b) and alternatively, that his claims were meritless. Woods appeals following the grant of a certificate of probable cause.

---

1. Because the federal district court dismissed Woods' first habeas petition without prejudice, we disregard it for purposes of abuse of the writ analysis.

2. The third federal petition also alleged a fourth amendment claim challenging Woods's arrest and the subsequent search and seizure of items, but, on appeal, he has abandoned that issue and we need not address it. *Beasley v. McCotter,* 798 F.2d 116, 118 (5th Cir.1986), *cert. denied,* 479 U.S. 1039, 107 S.Ct. 897, 93 L.Ed.2d 848 (1987). We would have been precluded from reviewing it in any event under *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

■ In *McCleskey v. Zant, supra,* the Supreme Court recently held that "the same standard used to determine whether to excuse state procedural defaults should govern the determination of inexcusable neglect in the abuse of the writ context." 111 S.Ct. at 1468. This means that a petitioner's serial habeas petition must be dismissed as an abuse of the writ unless he demonstrates that there was "cause" not to have raised the point in a previous federal habeas petition, and "prejudice" if the court fails to consider the new point. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The Court explained this standard as follows:

> In procedural default cases, the cause standard requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim in state court. *Murray v. Carrier,* 477 U.S. [478] at 488 [106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)]. Objective factors that constitute cause include " 'interference by officials' " that makes compliance with the state procedural rule impracticable, and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." *Id.* In addition, constitutionally "ineffective assistance of counsel ... is cause." *Id.* Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default. *Id.* at 486–488 [106 S.Ct. at 2644–2646]. Once the petitioner has established cause, he must show " 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady,* 456 U.S. 152, 168 [102 S.Ct. 1584, 1594, 71 L.Ed.2d 816] (1982).

111 S.Ct. at 1470.

The court also held in *McCleskey* that if an abuse of writ defense is clearly raised by the state [3], the petitioner must then disprove abuse by showing cause and prejudice. No evidentiary hearing is required if the district court determines as a matter of law that the petitioner cannot satisfy this standard. Even if the petitioner cannot show cause for not raising the claim in an earlier petition, this error may nonetheless be excused if he can show that a fundamental miscarriage of justice would result from a failure to entertain the serial petition. Because a "fundamental miscarriage" implies that a constitutional violation probably has caused the conviction of an innocent person, however, this is a very narrow exception. 111 S.Ct. at 1470–71.

Although this case was decided by the district court prior to the issuance of *McCleskey,* the procedure the court followed and the result it reached comport with that case. Woods's appellate brief does not add to his explanation of "cause" for not raising ineffective assistance of counsel in an earlier petition. Rather, he simply cites Supreme Court caselaw that has now been authoritatively supplemented by *McCleskey.*[4] The only "cause" Woods has alleged is his previous ignorance of the facts and legal theories underlying the ineffectiveness claim.

Woods's ignorance does not constitute "cause" as that term was used in *McCleskey.* No external force, such as government interference or lack of available facts, prevented Woods from learning about any alleged ineffectiveness of his counsel at the suppression hearing. *McCleskey,* 111 S.Ct. at 1470–71. He obviously knew that his trial counsel did not persuade the Louisiana courts to grant his motion to suppress. Moreover, the fourth amendment legal theory on which Woods relies as a basis for counsel's incompetence is precisely the theory addressed and rejected by the Supreme Court of Louisiana on Woods's direct appeal.[5] Even if Woods did not specifically

---

**3.** There is no reason to infer that *McCleskey* changed our previous rule that abuse of the writ may be pleaded by the state or raised by the district court *sua sponte. Schouest v. Smith,* 914 F.2d 713, 715 (5th Cir.1990), *modified* by *Schouest v. Whitley,* 927 F.2d 205 (5th Cir.1991); *Daniels v. Blackburn,* 763 F.2d 705, 707 (5th Cir.1985).

**4.** Woods did not have a lawyer for the prior federal habeas proceedings; consequently, he cannot assert incompetence of that counsel as "cause." *See McCleskey,* 111 S.Ct. at 1470.

**5.** Woods contends that trial counsel was incompetent for failing to persuade the courts that police officers did not independently verify a

know how to evaluate counsel's performance on the suppression motion before he filed his third federal habeas petition, it is clear that he should have known the basis for such a claim. *McCleskey*, in examining "cause" for a petitioner's delay in raising a habeas claim, held that:

> The requirement of cause in the abuse of the writ context is based on the principle that *petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition.* If what petitioner knows or could discover upon reasonable investigation supports a claim for relief in a federal habeas petition, what he does not know is irrelevant. Omission of the claim will not be excused merely because evidence discovered later might also have supported or strengthened the claim.

111 S.Ct. at 1472 (emphasis added). The question is no longer whether a petitioner *had* actual knowledge of the facts or legal theories supporting a habeas claim that he failed to raise on the first federal go-round; it is whether, by reasonably diligent investigation, he *should have had* that knowledge.[6] Because Woods knew or should have known, as early as the date of affirmance of his conviction, of the circumstances that he now describes as incompetence of counsel, he cannot establish "cause" under

*McCleskey* for failure to raise that claim in his prior petition.

◼ Not only is Woods unable to demonstrate "cause" as a matter of law for failing earlier to question counsel's competence, but he has in any event never suggested that failure to grant this third petition would cause a fundamental miscarriage of justice—he has never asserted his innocence. In this regard, we are hard put to see how the erroneous receipt into evidence of evidence illegally seized could ever result in prejudice sufficient to justify its omission from an earlier writ. *See Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 2591, 91 L.Ed.2d 305 (1986) (Powell, J., concurring). Justice Powell there observed:

> We have held repeatedly that such evidence [illegally seized] ordinarily is excluded only for deterrence reasons that have no relation to the fairness of defendant's trial … it has long been clear that exclusion of illegally seized but wholly reliable evidence renders verdicts less fair and just, because it "deflects the truthfinding process and often frees the guilty."

*Id.* 106 S.Ct. at 2594.

In accordance with *McCleskey*, we must conclude that Woods abused the writ of

---

reliable informant's tip that correctly predicted the time and location of Woods's involvement in a transfer of illegal drugs and correctly warned that Woods might be armed. The Louisiana Supreme Court, confronted with this argument, held that the tip was sufficiently corroborated to authorize the officers to stop Woods, pat him down for weapons, then arrest him for carrying a concealed firearm, and finally search him incident to arrest. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

**6.** In some prior cases, when considering abuse of the writ, we have drawn a distinction between pro se petitioners and those represented by counsel. Pro se petitioners have been held guilty of abuse only if they had "actual knowledge" of the facts and theories of the new claims when they filed earlier petitions. *See, e.g., Schouest v. Whitley*, 927 F.2d 205 (5th Cir.1991); *Matthews v. Butler*, 833 F.2d 1165, 1170–71 (5th Cir.1987); *Passman v. Blackburn*, 797 F.2d 1335,

1344 (5th Cir.1986), *cert. denied*, 480 U.S. 948, 107 S.Ct. 1609, 94 L.Ed.2d 794 (1987). Petitioners represented by counsel were bound to the "awareness that a competent lawyer would have possessed." *Jones v. Estelle*, 722 F.2d 159, 169 (5th Cir.1983) (*en banc*), *cert. denied*, 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984); *Daniels v. Blackburn*, 763 F.2d 705, 707 (5th Cir. 1985). *McCleskey* draws no similar distinction for purposes of deciding whether a petitioner had "cause" not to raise a particular claim in a prior federal habeas proceeding. Indeed, the Supreme Court stated that its adaptation of a "cause and prejudice" test for writ abuse does not imply that there is a constitutional right to legal counsel on collateral attack of a conviction. *McCleskey*, 111 S.Ct. at 1471 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987)). It may be, although we need not reach the point, that our cases requiring a pro se petitioner's "actual knowledge" of potential claims before abuse of the writ may be found are inconsistent with *McCleskey*.

habeas corpus in filing his third application, and the court correctly dismissed.

For the foregoing reasons, the judgment of the district court is AFFIRMED.