IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 91-1323
Summary Calendar

JIHAAD A.M.E. SAAHIR,

Petitioner-Appellant,

v.

JAMES A. COLLINS, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas

(March 25, 1992)

Before JONES, DUHÉ, and WIENER, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The district court dismissed Jihaad Saahir's successive federal habeas corpus petition for abuse of the writ. His appeal poses a question left undecided by Woods v. Whitley, 933 F.2d 321, 324 n.6 (5th Cir. 1991): whether pro se habeas petitioners are held to a different standard of "cause" for failing to raise a particular claim in prior petitions than are petitioners represented by counsel. Because McCleskey v. Zant, __ U.S. __, 111 S.Ct. 1454 (1991), draws no such distinction, and because Saahir has shown neither cause under this standard nor a fundamental miscarriage of justice should he remain incarcerated, we affirm the district court's order dismissing his petition with prejudice.

BACKGROUND

Saahir, formerly known as James Loggins, was convicted of aggravated robbery by a Texas jury in 1979 and sentenced to 75 years imprisonment. The Texas Court of Criminal Appeals affirmed his conviction in 1982. He filed applications for writs of habeas corpus in the state courts in 1982 and again in 1986, both of which were denied. Saahir filed his first habeas petition in federal court in 1982, which was dismissed for failure to exhaust state court remedies. The district court dismissed his second federal habeas petition in 1983, prompting Saahir to appeal unsuccessfully to this court.

The state of Texas moved to dismiss Saahir's third federal habeas petition under Rule 9(b) because the twelve issues Saahir now raises were not, but could have been, raised in his earlier petition.[1] After an evidentiary hearing, a magistrate judge found that Saahir's third petition raised completely new grounds for relief and that he had not alleged a lack of knowledge of the facts underlying his claims or the unavailability of means to know the legal doctrines when he filed his prior writ. The

---

[1] Rule 9(b) of the rules governing habeas corpus petitions provides:

> **Successive petitions.** A second or successive petition may be dismissed . . . if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

28 U.S.C. § 2254 Rule 9(b).

magistrate judge noted that Saahir's only explanation for failing to raise these issues earlier was that he was untrained in the law and had only uncovered the current issues after researching his case for three years. The magistrate judge also found that Saahir had presented no evidence of factual innocence. The district court, adopting the magistrate judge's findings of fact and legal conclusions, dismissed the third petition with prejudice as an abuse of the writ. Saahir filed a timely notice of appeal, and the district court granted a certificate of probable cause.

## DISCUSSION

Saahir contends the district court abused its discretion in dismissing his petition. He argues that his failure to discover the claims he now raises should be excused because he was not represented by counsel when he filed the prior petitions. He also insists he made a colorable claim of factual innocence.

In McCleskey, the Court held that the standard used to decide whether to excuse a habeas petitioner's state procedural defaults also governs the determination of excusable neglect in the context of abuse of the writ under Rule 9(b). 111 S.Ct. at 1468. This means that a serial habeas petition must be dismissed as an abuse of the writ unless the petitioner has demonstrated "cause" for not raising the point in a prior federal habeas petition and "prejudice" if the court fails to consider the new point. Woods, 933 F.2d at 323. The state has the initial burden of pleading writ abuse, as it did here; the petitioner must then prove cause and prejudice. Russell v. Collins, 944 F.2d 202, 205 (5th Cir.), cert.

3

denied, __ U.S. __, 112 S.Ct. 30 (1991).  A court need not consider whether there is actual prejudice if the petitioner fails to show cause.  McCleskey, 111 S.Ct. at 1474; Sawyer v. Whitley, 945 F.2d 812, 816 (5th Cir.), modified on other grounds, __ F.2d __, 1991 WL 231113 (5th Cir.), cert. granted, __ U.S. __, 112 S.Ct. 434 (1991).

The cause standard requires the petitioner to show that some objective factor external to the defense prevented him from raising the claim in the previous petition.  McCleskey, 111 S. Ct. at 1470.  Such factors include interference by government officials, as well as the reasonable unavailability of the factual or legal basis for a claim.  Id.  In examining cause for a petitioner's delay in raising a habeas claim, McCleskey observed:

> The requirement of cause in the abuse of the writ context is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition.  If what petitioner knows or could discover on reasonable investigation supports a claim for relief in the federal habeas petition, what he does not know is irrelevant.  Omission of the claim will not be excused merely because evidence discovered later might also have supported or strengthened the claim.

Id. at 1472.

McCleskey, then, demands Saahir show that at the time he filed his previous habeas petitions, some factor external to his defense prevented him from discovering the claims he now raises or from uncovering them through reasonable investigation.  Saahir, however, has neither alleged that he was unaware of facts relevant to his claims, nor that any objective external factors prevented him from researching his case more thoroughly before filing earlier petitions.  He testified at the evidentiary hearing that he did not

**4**

realize that he should file only one writ, so he filed the first petition and then continued researching possible claims.

Saahir now contends that because he proceeded pro se on both his prior and current petitions, he should be excused for his ignorance of the law. We disagree. The alleged inadequacy of Saahir's own legal research is irrelevant under McCleskey because no objective external factor prevented him from raising the new claims in prior petitions. Nor can Saahir's pro se status qualify as such a factor. As McCleskey reiterated, there is no constitutional right to counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 1993 (1987); McCleskey, 111 S.Ct. at 1471; Coleman v. Thompson, __ U.S. __, 111 S.Ct. 2546, 2566 (1991).

It is hardly surprising, then, that McCleskey draws no distinction between pro se petitioners and those represented by counsel. See Woods, 933 F.2d at 324 n.6. Instead, McCleskey sets a single standard for whether a habeas petitioner is excused from neglecting to raise his new claims in prior petitions:

> Abuse of the writ doctrine examines petitioner's conduct: the question is whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition. . . .

111 S.Ct. at 1472 (emphasis in original). Because a habeas petitioner is not constitutionally entitled to any legal representation in waging a collateral attack, the McCleskey "knew or reasonably should have known" standard for cause applies irrespective of whether he was represented by counsel when he filed any previous petitions.

5

In <u>Woods</u>, this court suggested that the application of <u>McCleskey</u>'s "should have known" standard may be inconsistent with prior Fifth Circuit cases requiring actual knowledge by pro se petitioners of the facts and legal theories of their new claims. <u>Woods</u>, 933 F.2d at 324 n.6.  See, <u>e.g.</u>, <u>Shouest v. Whitley</u>, 927 F.2d 205 (5th Cir. 1991) (superseding <u>Schouest v. Smith</u>, 914 F.2d 713, 716) (5th Cir. 1990)); <u>Matthews v. Butler</u>, 833 F.2d 1165, 1170-71 (5th Cir. 1987); <u>Passman v. Blackburn</u>, 797 F.2d 1335, 1344 (5th Cir. 1986), <u>cert denied</u>, 480 U.S. 948, 107 S.Ct. 1609 (1987); <u>see also</u> <u>Jones v. Estelle</u>, 722 F.2d 159, 163-64 n.3 (5th Cir. 1983) (en banc) (reserving the question), <u>cert. denied</u>, <u>Jones v. McKaskle</u>, 466 U.S. 976, 104 S. Ct. 2356 (1984).[2]  Now that the

_____

[2]    The actual knowledge standard adopted in <u>Passman</u> and questioned in <u>Woods</u> flowed from a pair of Supreme Court decisions that have been modified by <u>McCleskey</u>.  The first, <u>Fay v. Noia</u>, 372 U.S. 391, 83 S. Ct. 822 (1963), held that a procedural default in state court does not bar federal habeas review unless the petitioner has deliberately bypassed state procedures by intentionally forgoing an opportunity for state review.  <u>Id</u>. at 438-39, 83 S. Ct. at 846.  In <u>Sanders v. United States</u>, 373 U.S. 1, 83 S. Ct. 1068 (1963), the Court extended the "deliberate bypass" standard of <u>Fay</u> to the abuse of the writ doctrine.  <u>Id</u>. at 18, 83 S. Ct. at 1078.  Accordingly, <u>Passman</u> concluded:

> In light of <u>Sanders</u>, there is no room in habeas corpus adjudications for an abuse of the writ doctrine to a <u>pro se</u> petitioner who did not subjectively know about a particular legal claim when an earlier petition was filed.  A <u>pro se</u> petitioner must, at the least, knowingly withhold a claim in order for the abuse of the writ doctrine to apply.

797 F.2d at 1343.  Most recently, however, <u>Coleman v. Thompson</u>, __ __ U.S. _____, 111 S. Ct. 2546 (1991), overruled <u>Fay v. Noia</u> by rejecting the deliberate bypass standard in favor of cause and prejudice.  <u>Coleman</u>, _____ U.S. _____, 111 S. Ct. at 2565.  Similarly, in adopting this same standard for abuse of the writ, <u>McCleskey</u> repudiated the underpinnings of this court's actual knowledge standard by holding that "[a]buse of the writ is not

**6**

issue is squarely before the court, we recognize that <u>McCleskey</u> has overruled these earlier decisions to the extent they distinguish, for abuse of the writ purposes, between pro se petitioners and those represented by counsel.

Applying <u>McCleskey</u> to the facts of this case, we hold that Saahir "should have known" about the legal theories he now advances when he filed his earlier pro se petition. The district court found that he did not allege lack of knowledge of the facts, did not allege inability to research the law, and had actual knowledge of the law on ineffective assistance of counsel. The record clearly supports a finding that Saahir "should have known" of the legal theories if he had diligently researched them before filing his earlier writ.

While Saahir has failed to show cause for his neglect, this court may still entertain his serial petition to prevent a "fundamental miscarriage of justice." <u>McCleskey</u>, 111 S.Ct. at 1470-71. Overarching Saahir's second contention on appeal is that the ends of justice will be served only if this court reaches the merits of his newly formulated claims. <u>Jones v. Whitley</u>, 938 F.2d 536, 542 (5th Cir. 1991), <u>cert. denied</u>, __ U.S. __, 112 S.Ct. 8

---

confined to instances of deliberate abandonment." <u>McCleskey</u>, ____ U.S. _____, 111 S. Ct. at 1467. The Court noted that the cause and prejudice standard is "consistent" with <u>Sanders</u>, <u>id</u>. at _____, 111 S. Ct. at 1471, but only because it strictly limited <u>Sanders</u> to its facts: "<u>Sanders</u> mentioned deliberate abandonment <u>as but one example</u> of conduct that disentitled a petitioner to relief." <u>Id</u>. at _____, 111 S. Ct. at 1467 (emphasis added). Because the doctrinal predicate of <u>Passman</u> and its progeny is no longer valid, neither is the actual knowledge standard.

(1991). A "fundamental miscarriage" implies that a constitutional violation probably caused the conviction of an innocent person. See McCleskey, 111 S.Ct. at 1475. Only two claims bear on Saahir's claim of innocence -- ground number 7 alleging ineffective assistance of counsel regarding his alibi witness and his co-defendant's exculpatory statement. These grounds were developed factually at the evidentiary hearing.

At trial, Saahir's wife Sylvia testified that she did not go to work and was with her husband at the time of the robbery. Her employer testified that time card records showed that she did work that night. Saahir claims he told his attorney to recall her to explain that her sister worked in her place and signed in for her. Saahir, who was represented by counsel at the evidentiary hearing, knew the whereabouts of his wife but chose not to call her as a witness. At that hearing, Saahir's trial attorney testified that he did not recall Sylvia because he thought it would be more damaging to his case to do so, as she had made statements to her employer that incriminated her husband. The attorney was concerned about any further cross-examination of her.

Saahir also alleges that his co-defendant, Michael McGowan, made statements to the police that exonerated him. Saahir admitted that he has never seen such a statement. He claimed his wife told him about the statements. McGowan did state that the person who committed the robbery with him was a black man. While he did not name Saahir as his accomplice, he did not exonerate him either. McGowan's whereabouts are unknown.

Thus, the trial court's finding that Saahir failed to present any evidence on his claim of factual innocence is not clearly erroneous. He neither called his wife to fortify his alibi defense nor produced proof of the existence of an exculpatory statement by his co-defendant, McGowan. Saahir has not shown that failure to consider his claim will result in a fundamental miscarriage of justice and that he remains incarcerated though innocent.

## CONCLUSION

The district court's factual findings and legal conclusions were correct, and the court did not abuse its discretion in dismissing Saahir's petition for abuse of the writ. Accordingly, the dismissal is **AFFIRMED.**