962 F.2d 7
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George A. RESH, Petitioner-Appellant,
v.
Jon P. GALLEY; Attorney General of the State of Maryland,
Respondents-Appellees.
George A. RESH, Petitioner-Appellee,
v.
Jon P. GALLEY; Attorney General of the State of Maryland,
Respondents-Appellants.
 Nos. 91-6666 & 91-6667.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 10, 1992
Decided: May 21, 1992
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CA-90-2230-R)
 ARGUED: Mary Melissa French, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant.
 Mary Ellen Barbera, Assistant Attorney General, Criminal Appeals Division, office of the attorney general, Baltimore, Maryland, for Appellees.
 ON BRIEF: Fred Warren Bennett, Federal Public Defender, Baltimore, Maryland, for Appellant.
 Joseph Curran, Jr., Attorney General of Maryland, Criminal Appeals Division, office of the attorney general, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before WIDENER, Circuit Judge, BUTZNER, Senior Circuit Judge, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This federal habeas appeal presents two issues for resolution. The first is a procedural one flowing from the new claim prohibition of McCleskey v. Zant, 111 S. Ct. 1454 (1991). The question is whether the abuse of the writ doctrine is applicable to a second federal habeas claim when the first was dismissed without prejudice for lack of exhaustion of state remedies. The second is a substantive issue arising from Petitioner Resh's claim that his due process rights were violated when the State of Maryland failed to reduce his sentence for time spent in another jurisdiction's prison. Both questions are questions of law subject to de novo review by this Court.
 
 
 2
 * Petitioner Resh was convicted in Maryland's Circuit Court for Washington County in 1976 for breaking and entering and escape. He began to serve his eleven year sentence in the custody of the Maryland Division of Correction. On August 13, 1979 Petitioner Resh escaped. He was indicted on a charge of escape one month later, but remained at large until arrested in Pennsylvania for burglary and criminal trespass. Petitioner Resh pleaded guilty to the charge of criminal trespass and was sentenced to imprisonment in a Pennsylvania correctional institution for a period of four to ten years. He served such sentence from January 24, 1980 to March 15, 1984 when he was paroled. Upon release, he was returned to Maryland to resume his prior sentence which had lengthened to sixteen years due to his conviction of the 1979 escape.
 
 
 3
 In 1985 Petitioner Resh filed his first federal habeas petition, a petition which was dismissed without prejudice for failure to exhaust state remedies. The petition did not include the instant claim. Petitioner Resh then returned to state court with the claims found in his first petition plus the due process claim now before this Court. The state denied relief on each of claims presented.
 
 
 4
 On August 20, 1990 Petitioner Resh filed this Petition for Habeas Corpus. In her report and recommendation dated August 15, 1991, a Magistrate Judge concluded that Petitioner Resh had not abused the writ and that pursuant to Maryland's Division of Correction Regulation 285-6 ("DCR 285-6") and the liberty interest it created he was due credit against his Maryland sentence for time spent incarcerated in Pennsylvania. The District Court accepted the Magistrate Judge's first recommendation regarding abuse of the writ, but found that there had been no arbitrary deprivation of Petitioner Resh's liberty interest. We now review the District Court's holdings.
 
 II
 
 5
 The first matter to be decided is whether the District Court properly held that Petitioner Resh did not abuse the writ. In order to decide this, we are faced with the narrow question of the proper relationship as implicated by this petitioner's case between the McCleskey abuse of the writ principle and the procedural posture of dismissal of a first federal habeas petition without prejudice for failure to exhaust state remedies.
 
 
 6
 In the arena of federal habeas corpus law, as in other areas of law, the essence of a dismissal without prejudice is that the disposition in no way detracts from the position the party was in prior to the filing of his suit. On the facts before us, we are in accord with the Fifth Circuit Court of Appeals' conclusion that McCleskey scrutiny does not obtain when the first petition was dismissed without prejudice. Woods v. Whitley, 933 F.2d 321, 322 n.1 (5th Cir. 1991). In effect, therefore, the present petition is Petitioner Resh's first petition and thus not vulnerable to attack as an abuse of the writ. To hold otherwise would nullify the significance of granting Petitioner Resh a without prejudice dismissal.
 
 
 7
 Furthermore, the reasoning underlying McCleskey is not threatened by the circumstances of Petitioner Resh's second petition. Because Petitioner Resh is claiming that he has fully served his sentence, the finality of a state conviction is not under attack. The inefficient expenditure of federal resources is not a concern inasmuch as no review on the merits has occurred and therefore there is no risk of multiple hearings. Finally, the important interests of comity and federalism are not diminished by Petitioner Resh's second petition. In fact, but for the District Court's conscientious attention to exhaustion requirements when Petitioner Resh filed his first petition, no second petition could exist.
 
 III
 
 8
 There being no procedural bar a substantive assessment of Petitioner Resh's due process claim is appropriate. Petitioner Resh maintains that he is entitled to credit against his Maryland sentence for the period spent in the Pennsylvania prison even though he was convicted of one of the charges that gave rise to such incarceration. The relevant regulation, already mentioned, is DCR 285-6 which governs when time credit is due. While the regulation embodies a liberty interest, we agree with the District Court that the state of Maryland has not arbitrarily deprived Petitioner Resh of that interest.
 
 
 9
 The liberty interest arising under DCR 285-6 does not require that Petitioner Resh be given credit for his confinement in Pennsylvania on both the Maryland escape conviction and the Pennsylvania criminal trespass conviction. On its face, DCR 285-6 is a regulation that permits, not requires, authorities to grant credit.
 
 
 10
 Additionally, when construing a statute or regulation this Court is obligated to give it the most internally consistent or harmonious meaning possible. U.S. Army Eng. Center v. Fed. Lab. Rel. Auth., 762 F.2d 409, 416 (4th Cir. 1985). Clearly, a double credit interpretation of DCR 285-6 is not one that exudes internal consistency or harmony. In fact, common sense indicates that DCR 285-6 was intended to save inmates the futility of spending time in prison without it accruing to a sentence imposed against them, rather than intended to afford inmates the windfall of double credit.
 
 IV
 
 11
 Accordingly, while finding it unnecessary to embrace the totality of the District Court's reasoning, we find no error in either of the District Court's conclusions and therefore affirm the judgment entered by that Court.
 
 AFFIRMED