972 F.2d 351
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
A.C. JACKSON, Petitioner/Appellant,
v.
David G. SANDAHL and Attorney General of the State of
Illinois, Respondents/Appellees.
 No. 90-3262.
 United States Court of Appeals, Seventh Circuit.
 Argued June 17, 1992.
Decided July 27, 1992.
 
 Before CUMMINGS, POSNER, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Over ten years ago an Illinois jury convicted A.C. Jackson of armed violence and unlawful use of a weapon. The judge sentenced him to concurrent terms of twenty and five years respectively. Jackson exhausted his state remedies for contesting his conviction and sentence. Over seven years ago Jackson filed his first petition to the federal district court for a writ of habeas corpus, 28 U.S.C. § 2254, which the court denied. Jackson v. Thieret, Civil No., 85-3051 (S.D.Ill. Dec. 19, 1985). This court denied a certificate of probable cause to hear an appeal. Jackson filed a second petition for a writ of habeas corpus, which the court denied. Jackson v. Sandahl, Civil No., 89-3630 (S.D.Ill. Sept. 19, 1990). Jackson's appeal renews three of the claims that the district court dismissed, and we affirm the denial of all those claims.
 
 
 2
 Jackson's first claim is that, because unlawful use of a weapon is a lesser included offense of armed violence, the state violated his right against being twice put in jeopardy by trying him for both offenses. Jackson raised this claim in his first petition. Addressing the first petition, the court, applying Blockburger v. United States, 284 U.S. 299, 304 (1932), rejected Jackson's claim because it found that the Illinois legislature intended to establish punishment for both of Jackson's offenses irrespective of the number of acts it took him to commit them. See Missouri v. Hunter, 459 U.S. 359, 366 (1983) (when court imposes cumulative sentences in a single trial it is barred only from meting greater punishment than the legislature intended). When Jackson made this exact argument in his second petition, the court recognized it as the same claim it had addressed and rejected on the merits in Jackson's first petition so it dismissed the claim.
 
 
 3
 A court may dismiss a second petition if the petitioner simply reiterates arguments that have been decided on the merits in the first petition. Rule 9(b) of the Rules Governing Section 2254 Cases. One way to avoid Rule 9(b) is to point to a change in the authority that controls the case. Sanders v. United States, 373 U.S. 1, 17 (1963). Jackson argues that Grady v. Corbin, 495 U.S. 508 (1990), changed the double-jeopardy law governing his case. But, Grady 's is a narrow holding that the Court has since "decline[d] to read ... expansively," limiting it to "the context in which Grady arose." United States v. Felix, 112 S.Ct. 1377, 1384 (1992). And the context in which Grady arose may be as narrow as the "species of lesser-included offense" in which "traffic offense convictions ... sustain ... homicide and assault charges." Id.; see Payne v. Tennessee, 111 S.Ct. 2597, 2623 and n. 2 (1991) (Marshall, J., dissenting) (including Grady on the "endangered precedents" list). Jackson's argument that under Grady "the Double Jeopardy Clause also bars multiple punishments for two offenses where proof of conduct that constitutes one offense establishes an essential element of another offense for which the defendant is being punished," Br. of Pet'r at 16, falls hard in the face of Felix 's clear reading that Grady does not devise a " 'same evidence' test." Felix, 112 S.Ct. at 1382 (citing Grady, 508 U.S. at 521 and n. 12). Grady, moreover, involved a defendant who suffered subsequent prosecutions for similar conduct. Jackson underwent one trial for two counts that the Illinois legislature opted to punish separately. Grady does not change the law affecting this case.
 
 
 4
 Jackson's second claim also parrots a claim that the district court rejected on the merits in his first petition. Jackson claims that his due process rights were violated because the information failed to charge him with aggravated battery--an element of the offense of armed violence--thus depriving him of the notice required to defend himself against that charge. The first time it addressed this claim the court rejected it, holding that Jackson had no right to be charged with aggravated battery, which was not an offense in this instance but an element of the offense of armed violence. Jackson fails even to cite an exception that would allow him to renew this argument. The district court should dispose of second petitions "in the exercise of a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the propriety of the discharge sought." Salinger v. Loisel, 265 U.S. 224, 231 (1924). Jackson does not contest the court's exercise of its discretion other than to say that its decision was wrong. The court did not abuse its discretion.
 
 
 5
 Jackson's third claim is that his trial and appellate counsel were ineffective. Because he raised this claim for the first time in his second petition, Jackson must show cause for and prejudice by his failure to bring this claim in his initial petition. McCleskey v. Zant, 111 S.Ct. 1454, 1468 (1991); Wainwright v. Sykes, 433 U.S. 72 (1977). Jackson claims that the lack of counsel for his first petition caused his failure to raise this claim on the first try. Pro se representation, however, is not cause for failure to raise a claim in the first petition. McCleskey, 111 S.Ct. at 1471-72; Saahir v. Collins, 956 F.2d 115, 118 (5th Cir.1992); McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir.1992); Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991); see Coleman v. Thompson, 111 S.Ct. 2546, 2566-67 (1991).
 
 
 6
 AFFIRMED.