70 F.3d 1282
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald VAUGHAN, Petitioner-Appellant,
v.
R. Michael CODY, Respondent-Appellee.
 No. 95-6274.
 United States Court of Appeals, Tenth Circuit.
 Nov. 7, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Vaughan is a pro se litigant and a state inmate. He appeals the district court's judgment which held Mr. Vaughan's second federal habeas corpus petition to be an abuse of the writ. We grant Mr. Vaughan permission to appeal in forma pauperis, exercise jurisdiction, and affirm the judgment of the district court.
 
 
 3
 The procedural history is simple. Mr. Vaughan was convicted in Oklahoma and sentenced to life imprisonment in 1960. In 1991 Mr. Vaughan filed a federal habeas corpus petition which was denied. This court affirmed the dismissal. In 1995 Mr. Vaughan filed his second federal habeas corpus petition which is the present action. The district court determined the present writ was abusive and that Mr. Vaughan had failed to show either cause and prejudice for his failure to raise the present grounds for relief in his first habeas petition or that the failure of the federal court to entertain his instant petition would result in a fundamental miscarriage of justice.
 
 
 4
 Mr. Vaughan appeals this decision asserting: (1) "Title 57, Sec. 353 and the Oklahoma Parole Board Policy 004 affects equally all persons who come within its range as a General law applicable to credits, applicable to life (45) years, applicable to the Ex Post Facto Prohibition to the U.S. Constitution and Const. Of Okla"; and (2) "The United States District Court committed fundamental reversable error on meritorous issue one by application of 28 U.S.C.A. 2254 Rule 9(b) which does not procedurally Bar Federal Constitutional Claims under abuse of the writ doctrine where there is a intervening change in DOC Criteria establishing a Constitutional Liberty interest under due process clause, Applicable to the Ex Post Facto Prohibition."
 
 
 5
 Mr. Vaughan fails to understand the basis of the district court's action. The district court concluded it could not consider Mr. Vaughan's present arguments as the same arguments could have and should have been presented at the time Mr. Vaughan filed his first federal habeas petition. There has been no intervening change of law between the filing of the first habeas corpus petition and the filing of this habeas corpus petition. Neither has Mr. Vaughan shown cause and prejudice nor a fundamental miscarriage of justice either of which would excuse his failure to raise the present grounds for relief in his first federal habeas corpus petition.
 
 
 6
 We AFFIRM the judgment of the district court for substantially the same reasons set forth in the attached Report and Recommendation of the Magistrate Judge.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT FOR THE
 WESTERN DISTRICT OF OKLAHOMA
 Donald Vaughan, Petitioner
 
 7
 v.
 
 Michael Cody, Respondent
 CIV-95-155-M
 REPORT AND RECOMMENDATION
 
 8
 ARGO, United States Magistrate Judge.
 
 
 9
 Petitioner, a state prisoner appearing pro se and in forma pauperis, brings this action pursuant to 28 U.S.C. Sec. 2254 seeking a writ of habeas corpus. The Respondent has filed a motion to dismiss to which the Petitioner has responded. Thus, the motion is at issue. The case has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. Sec. 636(b)(1)(B), and for the reasons stated herein, it is recommended that the petition be dismissed as an abuse of the writ.
 
 
 10
 Petitioner is presently serving a life sentence that he received on April 18, 1960, following his guilty plea to a murder charge. Case No. 5624, District Court of Carter County.[1] By this action, he challenges the denial of earned credits to that life sentence. He believes that he is entitled to have his life sentence treated as a term sentence of 45 years, and as such, he believes that he is eligible to receive credits against that sentence. He asserts that the denial of credits to him violates the ex post facto, due process and equal protection clauses of the Constitution. The Respondent argues that the petition should be dismissed as an abuse of the writ.
 
 
 11
 "The concept of 'abuse of the writ' is founded on the equitable nature of habeas corpus. Thus, where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, ... the federal court may dismiss the subsequent petition on the grounds that the prisoner has abused the writ." Kuhlmann v. Wilson, 477 U.S. 436, 444 n. 6 (1986). See also, Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C.App. A habeas petitioner should assert all available grounds for relief in the first habeas petition or otherwise the petition will be dismissed if the failure amounts to an abuse of the writ. "The Advisory Committee Notes [to Rule 9, Rules Governing Section 2254 Cases] make clear that a new claim in a subsequent petition should not be entertained if the judge finds the failure to raise it earlier 'inexcusable.' " McCleskey v. Zant, 499 U.S. 467, 487 (1991). Under McCleskey, whether neglect is excusable is determined by the same cause and prejudice analysis federal courts utilize in habeas actions where state procedural defaults may bar review.
 
 
 12
 When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. The burden to disprove abuse then becomes petitioner's. To excuse his failure to raise the claim earlier; he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions. The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard. If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.
 
 
 13
 Id. at 494-495. See also, Andrews v. Deland, 943 F.2d 1162 (10th Cir.1991), cert. denied, 502 S.Ct. 1110 (1992). The Supreme Court has defined "cause" under the cause and prejudice test as something external to the petitioner that cannot fairly be attributed to him. Coleman v. Thompson, 501 U.S. 722, 755 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986). In Murray, the Court noted that cause could be demonstrated by "a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials' ... made compliance impracticable ...," Id., quoting Brown v. Allen, 344 U.S. 443, 486 (1953).
 
 
 14
 The Respondent has attached a copy of the petition for a writ of habeas corpus that Petitioner previously filed in this Court attacking his incarceration under the same conviction and sentence under attack here. Petitioner's two grounds for relief in the prior petition were that Oklahoma relinquished jurisdiction over him (1) when he was first paroled on the Oklahoma offense and was allowed to go to the state of Texas and 2) when the Oklahoma authorities turned him over to Texas authorities to face the Texas murder charge. See Vaughan v. Kaiser, Case No. CIV-91-1696-W (W.D.Okla.). United States District Judge Lee R. West adopted the report and recommendation of the undersigned, and denied that petition on February 26, 1992. Petitioner appealed and the decision was affirmed by the Tenth Circuit Court of Appeals on December 30, 1992. See Vaughan v. Kaiser, No. 92-6090 (10th Cir. Dec. 30, 1992). In the petition now before the Court, Petitioner raises three grounds for relief that were not raised in the prior petition. He contends:
 
 
 15
 1. Title 57, Sec. 353 and the Oklahoma Pardon and Parole Board Policy No. 004 affects equally all persons who come within its range as a general law applicable to life sentence forty-five (45) years; [sic]
 
 
 16
 2. Why credits must apply to life sentence 45 years under Due Process Clause prohibited by the Ex Post Facto prohibition under the United States Constitution and Constitution and laws of this state; and [sic]
 
 
 17
 3. Petitioner Donald Vaughan is subjected to illegal, unlawful, void restraint under due process of law, Ex Post Facto prohibition, Equal Protection clause and life sentence (45) years as a general law. [sic]
 
 
 18
 The undersigned finds that the Respondent has effectively satisfied his burden of pleading an abuse of the writ by attaching a copy of the Petitioner's prior habeas petition, thereby showing his previous writ history and the claims raised for the first time in the instant petition and by affirmatively alleging that the Petitioner has abused the writ. Accordingly, it is the Petitioner's burden to disprove abuse by showing either "cause and prejudice" or that the failure to entertain his claims will result in a fundamental "miscarriage of justice. "As "cause" for his failure to raise his claims in the prior petition, Petitioner appears to argue an intervening change in the law since he filed his prior petition on October 22, 1991.[2]
 
 
 19
 In attempting to interpret and liberally construe the claims that the Petitioner raises in the instant habeas petition, it appears that he argues that his life sentence should be treated as a 45-year term sentence and that he should receive credits against that sentence. By so arguing, Petitioner attempts to circumvent the Oklahoma statute which denies credit deductions to any inmate serving a sentence of life imprisonment. See Okla.Stat. tit. 57 Sec. 138. This statute was amended in 1976 to deny credits to inmates serving life sentences and thus it was in effect on October 22, 1991, the date the Petitioner filed his first habeas petition in this Court. The Plaintiff's consolidated record card from the Oklahoma Department of Corrections shows that upon Plaintiff's return to Oklahoma in the spring of 1990, his life sentence was not being reduced by earned credits. Thus, the facts supporting Plaintiff's claim were available when he filed his first habeas action in this Court. Moreover, the Oklahoma Court of Criminal Appeals in the case of Ekstrand v. State, 791 P.2d 92 (Okla.Crim.1990), held in 1990 that amendments to the earned credit statute which reduced the number of credits or added requirements to the ability to earn credits, were ex post facto to inmates who committed their crime prior to the amendments. Therefore, both the facts and the law were readily available for him to have asserted the claims he brings now in his first petition. Furthermore, lack of awareness of a legal basis that exists at the time the first petition was filed does not demonstrate "cause." It is well settled that the Petitioner's pro se status and unfamiliarity with the law does not constitute sufficient cause to excuse his failure to raise the issue earlier. See Saahir v. Collins, 956 F.2d 115, 118 (5th Cir.1992) (actual knowledge of legal issues not required by pro se petitioner to constitute abuse of the writ); Rodriguez v. Maynard, 948 F.2d 684 (10th Cir.1991) (cause and prejudice standard applies to pro se prisoner's lack of awareness and training on legal issues); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988) (cause not shown by petitioner's reliance on incompetent "jailhouse lawyers"). Accordingly, Petitioner has not demonstrated an intervening change in the law and he otherwise does not show cause for his failure to raise this claim in his earlier habeas petition.
 
 
 20
 Even if the Petitioner cannot demonstrate "cause," the Court may still entertain the petition if the Petitioner shows that it would be a fundamental miscarriage of justice for the Court to refuse to hear it. The "miscarriage of justice" exception to the requirement of demonstrating "cause" ... "is an extremely narrow exception, implicated only in 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.' " Ballinger v. Kerby, 3 F.3d 1371 (10th Cir.1993), quoting Murray v. Carrier, 477 U.S. at 496. See also, Schlup v. Delo, 115 S.Ct. 851 (1995) (it is "more likely than not" that no reasonable juror would have convicted her in light of all relevant evidence). The Petitioner has not even attempted to show that he is entitled to this exception.
 
 
 21
 Based upon the above analysis, the undersigned finds that the Petitioner has failed to establish "cause and prejudice" for his failure to raise his claims in his prior habeas corpus petition and he has not shown that the failure to entertain the instant petition will result in a fundamental "miscarriage of justice." Thus, the Court should refuse to entertain this second petition as an abusive writ.
 
 RECOMMENDATION
 
 22
 Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be dismissed as an abuse of the writ. The Petitioner is advised of his right to object to this Report and Recommendation by July 3rd, 1995, in accordance with 28 U.S.C. Sec. 636 and Local Court Rule 39. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions. Moore v. United States of America, 950 F.2d 656 (10th Cir.1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.
 
 
 23
 ENTERED this 16th day of June 1995.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Petitioner was paroled on this offense in December 1974 and upon his application he was permitted to reside in Texas. In 1976, he was arrested in Love County, Oklahoma for a murder committed in Cooke County, Texas. He was subsequently extradited to Texas and convicted of the murder charge there. A parole violator warrant was issued by the Oklahoma Department of Corrections and it was apparently placed as a detainer. When the Petitioner was paroled by the state of Texas in April 1990, he was returned to Oklahoma for parole revocation proceedings. His Oklahoma parole was then revoked in August 1990
 
 
 [2]
 The Petitioner also appears to contend that there is no available state corrective process and that the Oklahoma Court of Criminal Appeals has already ruled on the issues that he raises. Futility is an exception to the exhaustion requirement, but the Respondent has alleged abuse of the writ, and not a failure to exhaust. Thus, these contentions by the Petitioner do not excuse an abuse of the writ