IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50715

Summary Calendar
_____


UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

v.

ROY MARION JONES,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-94-CV-222)
_____
April 5, 1996
Before KING, JOLLY, and PARKER, Circuit Judges.

PER CURIAM:[*]

Roy Marion Jones appeals the denial of his motion for reconsideration and leave to present new evidence. We vacate and remand.

Jones was convicted for a 1982 conspiracy to import marijuana. United States v. Jones, No. 91-8399 (5th Cir. March 10, 1992) (unpublished). Jones was indicted for the conspiracy in 1983, but was not arrested until 1990 because he was in Central and South America under an assumed name. In affirming the conviction, this

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

court rejected Jones's assertions that he was denied a speedy trial, that the evidence was insufficient to support his conspiracy convictions, and that the district court abused its discretion in sentencing him.

Jones filed a motion pursuant to Fed. R. Crim. P. 35. The district court summarily denied the motion. This court granted Jones's unopposed motion to remand the appeal to the district court to allow it to consider the then-recent Supreme Court case of Doggett v. Unites States, 505 U.S. 647 (1992). Following remand, the district court again denied the motion. This court affirmed the denial stating that the issues raised by Jones challenging the validity of his conviction were not properly brought under Rule 35, and that the district court did not abuse its discretion in sentencing Jones to consecutive sentences. United States v. Jones, No. 92-8411 (5th Cir. October 25, 1993) (unpublished).

On March 30, 1994, Jones filed a motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255. In that motion and a subsequent amendment, Jones again asserted violation of his right to a speedy trial and an improper sentence. The magistrate judge recommended that Jones's motion be denied because his sentencing issue should have been brought on direct appeal and because the speedy trial issue had been previously adjudicated. The district court adopted the recommendation of the magistrate judge over Jones's objection. Jones filed a timely appeal from denial of his § 2255 motion, but that appeal was dismissed for want of prosecution for failure to pay the docketing fee. Jones filed

2

a motion to proceed in forma pauperis (IFP), but the district court deferred ruling on the motion to this court. Jones did not file an IFP motion with this court.

On August 2, 1995, Jones filed a motion for reconsideration and leave to present new evidence. In addition to seeking reconsideration on the issues that had been denied, Jones sought to raise a new issue under Brady v. Maryland, 373 U.S. 83, 87 (1963). Jones asserted that the prosecution did not disclose that a key witness for the prosecution, Robert Nestoroff, had been under investigation for conspiracy to obstruct justice and perjury with respect to criminal investigations. See id. The government responded urging the district court to construe the motion as a second § 2255 motion and to notify Jones that his motion could be dismissed under Rule 9(b). The district court denied Jones's motion to present new evidence for reconsideration without giving reasons or the basis of the decision. Jones timely filed a notice of appeal from this denial. The district court granted Jones leave to proceed IFP on appeal.

On appeal, both parties argue the merits of the issues that Jones presented in his motion for reconsideration. Neither party has addressed the nature of the motion to present new evidence for reconsideration nor has the government reurged its argument that the motion should be dismissed as abusive under Rule 9(b). Although motions for reconsideration generally fall under the purview of Fed. R. Civ. P. 60(b), there is "a discernable trend among the circuits to treat motions purporting to rely on Rule

3

60(b) `as the functional equivalent of a second petition for habeas corpus.'" Williams v. Whitley, 994 F.2d 226, 230 n.2 (5th Cir.), cert. denied, 114 S. Ct. 608 (1993) (citation omitted).

Jones's motion is particularly suited to interpretation as a second petition under § 2255 because in addition to revisiting the issues raised in his first § 2255 petition, it attempts to raise a new issue. If the district court had treated Jones's motion as a separate § 2255 motion, the motion should have been evaluated it in accordance with Rule 9(b) of the Rules Governing § 2255 Proceedings, regarding delayed or successive motions before the merits of his claims were addressed because it was raised in the district court by the government. See Williams, 994 F.2d at 230 n.2. Although three of the issues raised by Jones in his motion for reconsideration are clearly successive, his Brady issue had not been raised before. This issue would not be found to be abusive of the rules if Jones could show cause and prejudice under McCleskey v. Zant, 499 U.S. 467, 489-96 (1991), for failing to raise the issue in his first § 2255 motion. See Williams, 994 F.2d at 231.

In its response to Jones's motion, the government urged the district court to construe the motion as a second § 2255 motion and to notify Jones that his motion could be dismissed under Rule 9(b). Although Jones responded to this argument by stating that he had presented the reasons for the delay in raising the issue, he did not restate those reasons. The possibility exists that Jones did not know that Nestoroff, a key witness for the prosecution, had been under investigation for conspiracy to obstruct justice and

4

perjury with respect to criminal investigations until sometime after Nestoroff was indicted for these offenses in 1994. Jones may not have known and may not have reasonably been expected to know about the investigation of Nestoroff until the indictment was returned. This may be cause for not raising the claim that the fact of investigation of Nestoroff should have been disclosed under Brady in his original § 2255 motion. See Saahir v. Collins, 956 F.2d 115, 118-19 (5th Cir. 1992) ("the question is whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition"). The district court did not give Jones specific notice that his motion could be dismissed as successive. This error is not harmless because it is not clear from the record that dismissal under Rule 9(b) would be nearly certain because Jones could not have reasonably been expected to have known the facts underlying his claim. See Williams, 994 F.2d at 230 n.2.

This court cannot dismiss the motion as successive because the district court did not give Jones notice that his motion was in danger of dismissal as successive and the failure to give that notice was not harmless error. See Williams, 994 F.2d at 231.

The district court's dismissal of Jones's motion for reconsideration is vacated and the case is remanded to the district court with instructions to construe the motion as a second motion under § 2255 and to review it as such under Rule 9(b) of the Rules Governing § 2255 Proceedings.

VACATED and REMANDED.

5