**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 94-10796 and
No. 94-10797

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY ESPINOZA and RAYMOND ESPINOZA,

Defendants-Appellants.

---

Appeals from the United States District Court
for the Northern District of Texas

---

April 25, 1996

Before JONES, STEWART, and PARKER, Circuit Judges.

CARL E. STEWART, Circuit Judge:

## BACKGROUND

In a consolidated appeal, Henry Espinoza and Raymond Espinoza appeal the district court's dismissal of their second 28 U.S.C. § 2255 motions. Henry pleaded guilty to interfering with commerce by robbery and was sentenced to 20 years imprisonment and 3 years supervised release. Raymond pleaded guilty to conspiracy and interfering with commerce by robbery and was sentenced to 25 years imprisonment and 3 years supervised release. Neither petitioner appealed.

Both petitioners claim that they wished to appeal, but that their lawyers failed to perfect their appeals. The petitioners filed all subsequent pleadings pro se until this court appointed counsel.

The Espinozas filed separate motions to vacate, set aside, or correct their sentences pursuant

to 28 U.S.C. § 2255. In their motions they alleged that (1) the sentencing court incorrectly imposed the statutory maximum sentence instead of the guidelines sentence and (2) the court erred by denying a 2-point reduction for acceptance of responsibility. Raymond also alleged that a prior driving-while-intoxicated conviction should not have been included in his criminal history calculation. On April 7, 1993, the district court denied both motions because (1) the issues raised were not of constitutional magnitude and the Espinoza's failed to show cause for failing to raise these issues in the district court or on direct appeal and (2) their claims lacked merit. On April 16, 1993, the Espinoza's filed motions to dismiss their § 2255 motions without prejudice, which were denied as moot. They did not appeal the district court order on their first § 2255 motion.

Henry

On March 30, 1994, Henry filed the present § 2255 motion. Among other allegations, he claimed ineffective assistance of counsel. The district court dismissed the motion for "abuse of the writ" because Henry failed to show cause for not asserting these grounds in his first § 2255 motion, for failing to appeal, and because Henry's claims lacked merit. Henry appealed this order.

Raymond

On May 23, 1994, Raymond filed his § 2255 motion, alleging (1) the imposition of supervised release resulted in an illegal sentence in excess of the statutory maximum sentence, (2) ineffective assistance of counsel, and (3) his guilty plea was not knowing and voluntary. The district court's dismissal of Raymond's motion was based on grounds essentially the same as articulated in Henry's case: "abuse of the writ" for failing to assert these grounds in his first § 2255 motion, for failing to appeal, and for lack of merit. Raymond appealed this order.

## DISCUSSION

We review the denial of a successive § 2255 motion for abuse of discretion. United States v. Flores, 981 F.2d 231, 234 (5th Cir. 1993).

Neither Henry nor Raymond Espinoza raised the ineffective assistance of counsel claim in their initial § 2255 motions. The district court found that their failure to raise all claims in those first

writs amounted to "abuse of the writ." The Supreme Court has held that in the habeas context, raising claims in a second petition that "could and should have been raised in the first petition," constitutes abuse of the writ. McCleskey v. Zant, 499 U.S. 467, 488-89 (1991). However, we will excuse a habeas corpus petitioner's failure to raise a ground for relief in his initial petition if he shows: (1) cause for his failure to raise the claim, as well as prejudice from the errors which form the basis of the complaint or (2) that the court's refusal to hear the claim would result in a fundamental miscarriage of justice. Id. at 494-95.

The trial court found that neither Henry nor Raymond Espinoza demonstrated adequate cause for his failure to raise the ineffective assistance claims in his first § 2255 motion. As cause, the Espinozas claim that they had been locked down subsequent to filing their first motions, preventing them from dismissing or amending their petitions before the trial court ruled on them. However, the only reason given for failing to allege the issue in the initial filing was that they were acting pro se. This court has held that, for abuse of the writ purposes, the fact that a petitioner is pro se does not amount to "cause" under McCleskey. Saahir v. Collins, 956 F.2d 115, 118 (5th Cir. 1992). Further, neither petitioner has shown that failure to consider his subsequent motion would result in a fundamental miscarriage of justice - that is, that the alleged constitutional violation probably caused the conviction of an innocent man. Id. at 119.

For the foregoing reasons we affirm the judgment of the district court that the petitioners' writs were successive and abusive. Finding no abuse of discretion, we need not consider the issue of ineffective assistance of counsel.