[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 95-2322

 ANGEL RODRIGUEZ,

 Petitioner, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Respondent, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Edward F. Harrington, U.S. District Judge] 

 

 Before

 Selya, Circuit Judge, 
 Campbell, Senior Circuit Judge, 
 and Lynch, Circuit Judge. 

 

Angel Rodriguez on brief pro se. 
Donald K. Stern, United States Attorney, and Richard L. Hoffman, 
Assistant United States Attorney, on brief for appellee.

 

 December 12, 1997
 

 Per Curiam. Appellant Angel Rodriguez appeals from 

the denial of his motion filed under 28 U.S.C. 2255. For

the following reasons, we agree with the district court that

the motion was meritless.

 1. Appellant's claim that the forfeiture of his

property was excessive under the Eighth Amendment is not

cognizable in a 2255 proceeding since appellant seeks only

relief from a monetary-type penalty and not release from

confinement. See Smullen v. United States, 94 F.3d 20, 25 

(1st Cir. 1996) (holding that a claim that defendant is

entitled to a reduced restitution order falls outside the

scope of 2255).

 2. Appellant's argument that the forfeiture

violates the prohibition against double jeopardy fails for

the simple reason that the forfeiture was imposed in the same 

proceeding that resulted in appellant's conviction. Compare 

Department of Revenue v. Kurth Ranch, 511 U.S. 767, 784 

(1994) (the collection of a tax on dangerous drugs sought in

a separate proceeding initiated subsequently to the 

termination of the proceeding in which defendants were

convicted violates the prohibition against double jeopardy; a

second punishment "must be imposed during the first

prosecution or not at all").

 3. Appellant's claims regarding the alleged

ineffective assistance rendered by his trial counsel were not

 -2-

presented to the district court in the 2255 motion. We

therefore will not consider them for the first time on

appeal. See Dziurgot v. Luther, 897 F.2d 1222, 1224 (1st 

Cir. 1990) (per curiam). Appellant's ignorance of the law

does not provide an excuse for this default. See Eagle Eye 

Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 

503, 506 (1st Cir. 1994) ("the right of self-representation

is not a license not to comply with relevant rules of

procedural and substantive law") (internal quotation marks

and citations omitted).

 4. In any event, appellant's failure to assert all

but one of his claims in his first 2255 motion is an abuse

of the writ under McCleskey v. Zant, 499 U.S. 467 (1991). 

Again, appellant's pro se status and ignorance of the law

does not constitute "cause" sufficient to excuse this

omission. See, e.g., Saahir v. Collins, 956 F.2d 115, 118 

(5th Cir. 1992) (ignorance of the law is not an objective

external impediment); Rodriguez v. Maynard, 948 F.2d 684, 

687-88 (10th Cir. 1991) (where the factual and legal bases

for the new claims existed when the first habeas petition was

filed, petitioner's ignorance of the legal significance of

those claims does not amount to cause). Nor, obviously,

would failure to consider these claims on appeal amount to a

fundamental miscarriage of justice. See Andiarena v. United 

States, 967 F.2d 715, 719 (1st Cir. 1992) (per curiam) (this 

 -3-

narrow exception applies only where a constitutional

violationlikely caused the conviction of an innocent person).

 The one claim that appellant did present in the

first 2255 motion -- the government's alleged sentencing

entrapment and counsel's alleged ineffective assistance in

connection therewith -- cannot be raised again because the

district court disposed of it on the merits in that first 

2255 proceeding. See Rule 9(b) of the Rules Governing 

Section 2255 Cases ("[a] second or successive motion may be

dismissed if the judge finds that it fails to allege new or

different grounds for relief and the prior determination was

on the merits").

 5. It follows that the district court did not

abuse its discretion in not holding a hearing on appellant's

forfeiture claims. See United States v. McGill, 11 F.3d 223, 

225-26 (1st Cir. 1993). 

 The judgment of the district court is affirmed. 

 -4-