UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 92-8479
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD WAYNE WINDHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
W 91 CR 101 4
_____
May 7, 1993

Before GARWOOD, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Appellant Harold Wayne Windham was sentenced to 130 months imprisonment and other punishment after he pled guilty to one count of possession of amphetamine. On appeal, he challenges three facets of the district court's sentencing decision. We have reviewed each of them and find no reversible error.

Windham first contends that the district court erred in sentencing him based on relevant conduct that consisted of distribution of amphetamine in quantities ranging from 500 to 2,000 grams. He argues that the PSR and testimony at his sentencing hearing were "confused and overlapping" in regard to the quantity

of drugs with which he had been associated. He particularly challenges the statements that confidential informant #21 was reported to have made, linking him to a number of multiple-ounce deliveries to Judy Copeland Jones in the fall, 1991. He asserts that confidential informant #21 was not credible, because the district court discounted his statement that on one occasion, Windham possessed a firearm in a briefcase.

The quantity of drugs attributable to a defendant in connection with sentencing is shielded by the clearly erroneous standard on review. As Windham's brief acknowledges, the court was entitled to consider any sentencing information so long as it had "sufficient indicia of reliability to support its probable accuracy." United States v. Michael, 894 F.2d 1457, 1461-62 (5th Cir. 1990). In this case, the investigating officer testified that several confidential informants with good histories of reliability had linked Windham and his common-law wife Lynn Waller Rogers to purchases of multi-ounce quantities of speed from co-defendant Royals and regular distributions to Greg Schrader, Sam Reyes and Judy Copeland Jones in various ounce quantities. Rogers and Windham lived together, and two searches of their apartment conducted by the police on separate occasions confirmed their cohabitation and the presence of drug-related paraphernalia that was open and obvious. In challenging the credibility of confidential informant #21 because of the district court's rejection of an enhancement for possession of a gun, Windham overlooks a salient fact. The district court rejected the gun

enhancement because this passing reference was not fixed in time, was apparently a couple of years old, and was not corroborated by any other statements in the PSR. The district court's choice not to credit the gun enhancement statements but to otherwise credit the information provided by confidential informant #21 was not clearly erroneous. In short, sufficient indicia of reliability accompanied the district court's finding of the quantity of drugs with which Windham had been associated.

Windham next contends that the court erred by refusing to grant a two-level reduction in his base offense level for being a "minor participant." As this court has said, because most offenses are committed by participants of roughly equal culpability, "it is intended that [this type of adjustment] will be used infrequently." United States v. Nevarez-Arreola, 885 F.2d 243, 245 (5th Cir. 1989). The district court's finding of participant status enjoys the protection of the clearly erroneous rule. United States v. Hewin, 877 F.2d 3, 4 (5th Cir. 1989). Windham's attempt to portray himself as a less culpable participant in distributing amphetamine than his common law wife is unpersuasive. The PSR characterized them as partners in distribution. It would have taken much stronger evidence and argument than Windham has presented to persuade us that although he lived with Rogers throughout the period of the investigation in an apartment where drug-dealing was obvious, and although he was identified as Rogers' distributor, he is somehow less culpable than she. The district court was not clearly erroneous.

Windham finally objects to the district court's refusal to grant him a two-level reduction for acceptance of responsibility. Although he admitted possession of 9/10ths of a gram of amphetamine on the date on which he was arrested, he refused to comment on or take responsibility for previous dealings in drugs. Under the Sentencing Guidelines interpretation then applicable in this court, Windham was required to accept responsibility not only for the offense of conviction but for all his "relevant criminal conduct." United States v. Alfaro, 919 F.2d 962, 968 (5th Cir. 1990). The Sentencing Guideline has been amended in the way that Windham advocates, but that amendment did not become effective until November 1, 1992, well after Windham's offense, prosecution, guilty plea and sentencing. U.S.S.G. § 3E1.1 note 1(a). Although a split in the circuits concerning interpretation of the acceptance of responsibility guideline prompted this amendment, we are bound by our prior circuit precedent, and we see no reason to revisit this issue en banc. Further, we agree with the holding, if not all of the reasoning of our brethren on the Second Circuit that guidelines changes ought not generally be applied to cases in which the defendant was sentenced by the district court before the amendment took effect. United States v. Colon, 961 F.2d 41 (2d Cir. 1992).

The sentencing determination of the district court is AFFIRMED.

4