**Enoch MCQUEEN, Plaintiff–Appellant,**

v.

**John P. WHITLEY, Warden, Louisiana State Penitentiary, Defendant–Appellee.**

**No. 92–4815.**

United States Court of Appeals, Fifth Circuit.

April 23, 1993.

Rehearing Denied May 19, 1993.

Enoch McQueen, pro se.

Before JOHNSON, SMITH, and EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

## I.

Enoch McQueen was convicted of simple burglary in 1970 and served his nine-year sentence. In 1979, he was convicted of aggravated burglary, and the trial court enhanced his sentence based upon the 1970 conviction. McQueen challenges his sentence in the 1979 conviction, alleging it was improperly enhanced by the 1970 conviction.

McQueen previously attacked his 1979 conviction in a habeas corpus proceeding, alleging several constitutional errors.[1] We affirmed the district court's dismissal of that petition. *McQueen v. Blackburn,* 755 F.2d 1174 (5th Cir.), *cert. denied,* 474 U.S. 852, 106 S.Ct. 152, 88 L.Ed.2d 125 (1985). Later, McQueen filed a second habeas petition, seeking relief from his 1979 sentence because his 1970 conviction, which was used to enhance the 1979 sentence, allegedly was tainted by an unconstitutional jury instruction.[2] We affirmed the district court's dismissal of this second petition, holding that McQueen had not exhausted his state remedies. *McQueen v. Blackburn,* 833 F.2d 1008 (5th Cir.1987).

**185**

McQueen now has exhausted his state remedies and challenges the enhancement of his 1979 sentence by his 1970 conviction. The district court *sua sponte* ordered McQueen to file a response under rule 9 of the Rules Governing Section 2254 Proceedings explaining why his petition should not be dismissed as an abuse of the writ. McQueen responded, and the district court dismissed his petition for abuse of the writ. The district court granted McQueen a certificate of probable cause to appeal.

## II.

The district court raised abuse of the writ *sua sponte,* as the court lawfully may do. *United States v. Flores,* 981 F.2d 231, 236 n. 9 (5th Cir.1993); *Woods v. Whitley,* 933 F.2d 321, 323 n. 3 (5th Cir.1991) (citing cases). McQueen then had the burden of showing cause and prejudice. *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir.1992) (citing *McCleskey v. Zant,* — U.S. —, —, 111 S.Ct. 1454, 1474, 113 L.Ed.2d 517 (1991)). To show cause, the petitioner must prove that some objective factor external to the defense prevented him from raising the claim earlier. *Saahir,* 956 F.2d at 118. These factors include interference by government officials or the reasonable unavailability of the factual or legal basis for a claim. *Id.*

Before deciding whether McQueen has proven adequate cause, we must digress. McQueen alleges that the district court erred in even requiring him to show cause, as he has not ever challenged the 1970 conviction in a federal habeas petition. McQueen's first habeas petition challenged his 1979 conviction, while his second petition was dismissed without prejudice. The second petition, like the one before us, alleges that McQueen's 1979 sentence should not have been enhanced by his prior conviction, as he asserts that his 1970 conviction was unconstitutional. In other words, McQueen purports to challenge his 1970

---

1. There is no evidence in the record of a prior habeas attack on the 1970 conviction.

2. The jury instruction apparently was unconstitutional, as the Louisiana Supreme Court subsequently has held. *See State v. Searle,* 339 So.2d 1194 (La.1976). The Louisiana courts, however, have refused to apply *Searle* retroactively. *See State v. Spears,* 363 So.2d 479 (La.1978).

conviction here, while his first petition challenged his 1979 conviction.

We agree with McQueen that the second petition has no bearing on this issue. That petition was dismissed without prejudice for failure to exhaust state remedies.

 The question then becomes whether McQueen's third petition challenges his 1970 conviction or his 1979 conviction. McQueen argues he has not abused the writ as a matter of law because his current petition challenges his 1970 conviction, while his first petition challenged his 1979 conviction. We disagree.

A prisoner challenging an earlier conviction used to enhance a conviction for which the prisoner is presently incarcerated meets the jurisdictional "in custody" requirement, see *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam), because such a petition is challenging the *sentence* for the later conviction as *enhanced* by the earlier conviction, not the earlier conviction itself. Here, McQueen challenges his 1979 sentence on the ground that the sentence was enhanced by an earlier allegedly unconstitutional conviction. In other words, the petition seeks relief from the 1979 sentence; the 1970 conviction provides the alleged error justifying such relief. Because McQueen's third petition, like his first, implicates the 1979 offense, his third petition constitutes an abuse of the writ, absent cause and prejudice. The fact that the first petition assailed McQueen's 1979 conviction, while the third petition attacks his 1979 sentence, is of no moment, as a petition cannot present fragmented, successive petitions by challenging a conviction and its consequent sentence *seriatim.*

We now address the question of cause. The district court gave petitioner a chance to offer an explanation as to why he did not raise his claim in his first application. His only response was that his second application was dismissed without prejudice. As we conclude above, however, the issues raised in the third petition could have been raised in the first petition, making the second petition irrelevant. Because McQueen has not offered any showing of cause, the district court properly dismissed McQueen's petition for abuse of the writ, and its judgment is AFFIRMED.