Kevin D. KENNEDY, Movant,

v.

UNITED STATES of America, Respondent.

Civ. No. 3:94–CV–287BN.
Crim. No. J89–00068(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 13, 1994.

Victoria May, Jackson, MS, for U.S.

John R. Reeves, Jackson, MS, for Kennedy.

Lynda Robinson, Jackson, MS, for Boston.

## OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on the Motion of Defendant Kevin D. Kennedy ("Kennedy") *pro se* to vacate, set aside or correct sentence pursuant to 28 U.S.C. section 2255. The United States and counsel for Kennedy at his criminal trial, the Honorable John Reeves, have responded to the motion. The Court, having considered the Motion, responses and attachments thereto, and the criminal file in the original action, finds the Motion is not well taken and should be denied.

### I. *Background*

Kennedy pled guilty to one count of conspiracy to knowingly and intentionally possess with intent to distribute cocaine base, or crack, in violation of 21 U.S.C. section 846. In a sentencing hearing before this Court, Kennedy was sentenced according to the Sentencing Reform Act of 1984, which was applicable to the offense to which Kennedy pled guilty. The base level offense for the charge was 34. The Court found that Defendant obstructed justice regarding the offense and increased the base level from 34 to 36. The Court found additionally that Kennedy accepted responsibility for his offense and therefore gave him a 2 level reduction for a total offense level of 34. Based on Kennedy's Criminal History Category of I, the guideline imprisonment range was 151–188 months. The Court sentenced Kennedy to 151 months imprisonment to be followed by five years of supervised release.

Kennedy did not appeal his conviction. However, he filed a Motion to Vacate under 28 U.S.C. section 2255, on November 29, 1990. This Court denied the Motion, and Kennedy appealed to the United States Court of Appeals for the Fifth Circuit, which dismissed the appeal as untimely filed. In his current § 2255 motion Kennedy asserts the following:

(1) his sentencing offense level should not have been enhanced for obstruction of justice;

(2) he had ineffective assistance of counsel;

(3) he should have had further reduction in his sentence for acceptance of responsibility; and

(4) possession of cocaine base should not be punished 100 times more severely than possession of powder cocaine.

### II. *Standard for Review*

28 U.S.C. section 2255 provides in relevant part as follows:

A prisoner in custody under sentence of a court established by Act of Congress

claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

28 U.S.C. § 2255.

■ However, Rule 9(b) of the Rules governing section 2255 proceedings expressly provides:

A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

Rule 9(b) for § 2255 Proceedings. The Court may raise the issue of abuse of procedure *sua sponte. Williams v. Whitley,* 994 F.2d 226, 231 (5th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 608, 126 L.Ed.2d 572; *McQueen v. Whitley,* 989 F.2d 184, 185 (5th Cir.1993); *United States v. Flores,* 981 F.2d 231, 236 n. 9 (5th Cir.1993).

The leading case on abuse under Rule 9(b) is *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), and the Fifth Circuit has stated that the *McCleskey* analysis applies to § 2255 motions.

Under *McCleskey,* a second or subsequent ... petition which raises a claim for the first time is generally regarded as an abuse of the writ.... However, a ... petitioner's failure to raise a ground for relief in his initial petition will be excused if he can show: (1) cause for his failure to raise the claim, as well as prejudice from the errors which form the basis of his complaint; or (2) that the court's refusal to hear the claim would result in a fundamental miscarriage of justice.

*Flores,* 981 F.2d at 234 (citations omitted). To show cause, "the petitioner must show that the failure to raise the claim in his first petition was due to some objective external factor such as interference by officials." *Johnson v. Hargett,* 978 F.2d 855, 859 (5th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1652, 123 L.Ed.2d 272 (1993) (citing *Sawyer v. Whitley,* 945 F.2d 812, 816 (5th Cir.1991), *aff'd,* — U.S. —, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)).

Again proceeding from the guidance the United States Supreme Court provided in *McCleskey,* the Fifth Circuit observed that [t]he requirement of cause in the abuse of the writ context is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first petition.... If what petitioner knows or could discover on reasonable investigation supports a claim for relief in the ... petition, what he does not know is irrelevant. Omission of the claim will not be excused merely because evidence discovered later might also have . supported or strengthened the claim.

*Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir.1992) (citing *McCleskey,* 499 U.S. at 498, 111 S.Ct. at 1472). The Fifth Circuit also has noted that "[a] court need not consider whether there is actual prejudice to the petitioner when he fails to show cause." *Johnson, supra,* 978 F.2d at 859 n. 12 (quoting *Sawyer, supra,* 945 F.2d at 816.)

■ As to Kennedy's failure to raise the issues currently before this Court in a timely appeal, this circuit also requires a showing of "cause and prejudice" when a petitioner raises an issue for the first time in a § 2255 proceeding:

After conviction and exhaustion or waiver of any right to appeal, "we are entitled to presume that [the defendant] stands fairly and finally convicted." ... A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, ... and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error.... This cause and actual prejudice standard presents "a significantly higher

hurdle" than the "plain error" standard that we apply on direct appeal.

*United States v. Shaid,* 937 F.2d 228, 231–32 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992) (citations omitted). "If the error is not of constitutional or jurisdictional magnitude, the defendant must show that the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Id.* at 232 n. 7 (citation omitted).

In *Flores,* the Fifth Circuit addressed the issue of what constitutes a miscarriage of justice:

> Such a miscarriage of justice would be indicated if a constitutional violation probably caused [the defendant] to be convicted of a crime of which he is innocent.... [The defendant] has not alleged that he is innocent, only that his sentence was improperly computed. Therefore, [the defendant's] motion does not fit within the narrow category of section 2255 proceedings which implicate a fundamental miscarriage of justice....

*Flores,* 981 F.2d at 236 (citation omitted).

Because the Petitioner is proceeding *pro se,* the Court liberally construes the allegations of his Petition.

### III. *Analysis*

#### A. *Procedural Bars*

1. Abuse of the Section 2255 Procedure.

■■ Pursuant to the foregoing discussion, petitioner Kennedy has the burden under Rule 9(b) of demonstrating both cause and prejudice. Kennedy must show that at the time he filed his first § 2255 motion, some factor external to his defense prevented him from discovering the claims he now raises or prevented him from uncovering those claims through reasonable investigation. The Court finds that, even assuming *arguendo* that his claims are in fact true, nothing prevented Kennedy from discovering those claims and placing them before the Court in his first § 2255 motion. The Court therefore finds Kennedy's present Motion is an abuse of the procedure, and is consequently procedurally barred.

2. Failure to Appeal.

■■ Because Kennedy did not challenge the determination of the base offense level of the offense imposed under the Sentencing Guidelines in a direct appeal, he is precluded from raising the issue in a collateral proceeding under 28 U.S.C. section 2255. *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992). Likewise, because he did not challenge his conviction on any other grounds in a direct appeal, he may not raise those issues now in a 28 U.S.C. section 2255 proceeding. *Overton v. United States,* 450 F.2d 919, 920–21 (5th Cir.1971). Kennedy offers no excuse for not raising the present allegations on direct appeal. Nor does he claim he is actually innocent of the crime to which he pled guilty. Kennedy raised various constitutional claims in his first § 2255 motion, all of which this Court denied, and Kennedy offers no reason why the present allegation of a constitutional violation could not have been brought in the first motion. Further, the sole constitutional issue raised by the petitioner, that the sentencing guidelines for crack cocaine violations are unconstitutional, is an issue already decided in this circuit. The Court therefore finds that there is no possibility of a fundamental miscarriage of justice in this case, and Kennedy's claims are thus procedurally barred. Alternatively, the Court will address the merits of the issues raised by Kennedy in this § 2255 motion.

#### B. *Analysis of the Merit's of Kennedy's Claims*

1. Sentencing Offense Level Enhancement for Obstruction of Justice.

Petitioner argues that his sentence should not have been enhanced by two levels under the Sentencing Guidelines. Since the offense took place after November 1, 1987, the Sentencing Reform Act of 1984 was applicable. Guideline 3C1.1 provides for an increase of 2 in the offense level "if the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense."

During his initial interview, Kennedy lied about both his name and his age. Presentence Report ("P.S.I.") ¶ 8. Even after he told the Pretrial Services Officer the truth about his name, he told the federal magistrate he was a juvenile when he was in fact eighteen years old. P.S.I. ¶¶ 9–10. Kennedy signed the Presentence Report as correct, and made no objections to its content. During sentencing, Kennedy again stated he agreed with the contents of the presentence report, which included the fact that he lied concerning his name and age, and he also stated he was in agreement with the computations of the sentencing guidelines. Sentencing Transcript at 5. Based on the report and responses of the petitioner, the court found that Defendant Kennedy obstructed justice regarding the offense, stating,

> The reason for the Court finding an obstruction of justice [is] the Court agrees with the probation officer that the lying by these Defendants at the time of their arrest to the effect that they were not 18 years of age, that they were still juveniles, was an obstruction of justice entitling an increase as recommended.

Sentencing Transcript at 19.

 "Whether or not a defendant has obstructed the administration of justice is a factual question, and the district court's resolution of the question enjoys the protection of the clearly erroneous standard." *United States v. Franco–Torres*, 869 F.2d 797, 800 (5th Cir.1989). Thus, the only question is whether sufficient evidence exists in the record for this Court to have concluded at sentencing that the Petitioner obstructed justice. *Id. See United States v. Cates*, 952 F.2d 149, 153 (5th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992) (concluding that the factual findings of a district court in a § 2255 proceeding are reviewed for clear error). Under the standard set forth in *Franco–Torres*, the Court finds that the previous finding of obstruction of justice is not clearly erroneous. *Franco–Torres*, 869

F.2d at 800. Had Johnson raised this issue on appeal, the Court is confident that the Court of Appeals would not have found the factual findings of this Court to be clearly erroneous.[1]

### 2. Ineffective Assistance of Counsel.

Kennedy was represented by John R. Reeves, during both the Change of Plea hearing on February 2, 1990, and at the sentencing hearing on April 17, 1990. Kennedy alleges his attorney was ineffective "in that his counsel failed to disclose to him and challenge the enhancement of movant in 3C1.1 of the United States Sentencing Guideline Manual." Pet'r's Mot. at 5.

 The standard for proving ineffective assistance of counsel is very difficult to meet:

> To succeed on any claim of ineffective assistance of counsel, a defendant must show that: (1) the attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that except for the attorney's unprofessional errors, the results of the proceeding would have been different.

*United States v. Kinsey*, 917 F.2d 181, 183 (5th Cir.1990) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984)). The Court need not address the adequacy of the attorney's representation unless the Petitioner has made a sufficient showing of prejudice by showing that the outcome of the proceeding would have been different. *United States v. Pierce*, 959 F.2d 1297, 1302 (5th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992) (citation omitted). For the reasons discussed in the section above, this Court finds that the outcome of the sentencing hearing would have been no different had Mr. Reeves challenged the two level sentencing enhancement because of the Defendant's obstruction of justice. The Court also found at the sentencing hearing,

---

1. The Court also agrees with Mr. Reeves in his response to petitioner's motion, that Kennedy cites comments and notes to the Sentencing Guidelines that were not effective until November, 1990, over six months after the sentencing hearing took place. One of the notes *not* cited by Kennedy states that "providing materially false information to a judge or magistrate" merits an obstruction of justice enhancement. Note 3(f). Petitioner did not object to the Presentencing Report charge that he lied to the magistrate, nor did he deny the charge at the sentencing hearing.

and concludes again today, that Kennedy read, understood, and had reviewed with his attorney the contents of the presentence report. Sentencing Transcript at 5. *See also* Response of Honorable John Reeves at 4–5. The Court concludes that Kennedy's claim, that his counsel was ineffective because he did not explain and challenge the enhancement level arising from Kennedy's obstruction, is frivolous and should also be dismissed for this reason.

3. Further Sentence Reduction for Acceptance of Responsibility.

Petitioner argues that his sentence should have been reduced one more level (beyond the two level reduction he received) for his acceptance of responsibility. The three level reduction was not available at the time he was sentenced, and the Fifth Circuit has recently stated, "[W]e agree with the holding ... that guidelines changes ought not generally be applied to cases in which the defendant was sentenced by the district court before the amendment took effect." *United States v. Windham,* 991 F.2d 181, 183 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 444, 126 L.Ed.2d 377 (1993) (citing *United States v. Colon,* 961 F.2d 41 (2d Cir.1992)). This Court therefore rejects Kennedy's claim that he should have received an additional one level reduction.

4. Challenge to Longer Sentence for Crime Involving Cocaine Base or "Crack Cocaine."

■ Petitioner argues that laws which provide a substantially greater penalty for possession of cocaine base than for cocaine powder result in a denial of due process. This specific issue has been addressed by the United States Court of Appeals for the Fifth Circuit:

"Cocaine base is a different drug from cocaine, and, because it is prepared for

inhalation, concentrates and magnifies the effect of one gram of cocaine to such a degree that dealers profitably can sell it in very cheap yet still-potent quantities. Treating the two substances differently thus is not a due process violation, as when cocaine is changed into cocaine base, it becomes a different chemical substance. Congress need not treat dissimilar drugs similarly."

*United States v. Galloway,* 951 F.2d 64, 65 (5th Cir.1992) (quoting *United States v. Thomas,* 932 F.2d 1085, 1090 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 887, 116 L.Ed.2d 791 (1992)). The Court finds that at least part of Kennedy's claim in this matter is exactly the same as the argument set forth in *Thomas.* Based on the foregoing decision of the Fifth Circuit, the Court finds that Kennedy's objection to his sentence, based upon the greater penalty for possession of cocaine base, should be denied.[2]

### IV. *Conclusion*

For the reasons set forth in the opinion and order, the Court finds that the Motion of the Petitioner under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence is without merit.

IT IS THEREFORE ORDERED that the Motion Pursuant to 28 U.S.C. Section 2255 of Kevin D. Kennedy is hereby denied.

SO ORDERED.

---

**2.** Petitioner also argues that the 100:1 sentencing ratio violates equal protection principles in that Congress, the courts, and prosecutors practice "unconscious racism" in sentencing, and the ratio was unconstitutionally enacted because "racist media reports inflamed the White electorate." Pet'r's Mot. at 10. As the Federal Judicial Center noted, "All circuits ruling on the issue have upheld against constitutional challenges the

100:1 ratio of cocaine to cocaine base in § 2D1.1(c)." Federal Judicial Center, *Guideline Sentencing: An Outline of Appellate Case Law on Selected Issues* (March 1994) (citing thirteen cases, rejecting arguments based on equal protection, due process, and cruel and unusual punishment grounds). This Court therefore rejects petitioner's argument, whether it is based on due process or on equal protection grounds.