**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 95-10606
Summary Calendar

_____


DEWEY GLYNN DAILY,

                                        Petitioner-Appellant,

                    VERSUS


                    GARY L. JOHNSON,
DIRECTOR,  TEXAS  DEPARTMENT  OF  CRIMINAL  JUSTICE,  INSTITUTIONAL
DIVISION,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
(3:95-CV-850-G)
_____

April 16, 1996
Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.
PER CURIAM:[1]

    Dewey Glynn Daily appeals from the district court's order
dismissing his 28 U.S.C. § 2254 petition under Rule 9(b) of the
Rules Governing Section 2254 Cases.  We affirm.

                              I.

    Daily is presently incarcerated in a Texas state prison
facility.  In 1980, a jury found him guilty of aggravated robbery

---

    [1]    Local Rule 47.5 provides:  "The publication of
opinions that have no precedential value and merely decide
particular cases on the basis of well-settled principles of law
imposes needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

with a deadly weapon; he was sentenced to thirty years in prison.[2] His conviction was affirmed by an intermediate appellate court. He did not seek discretionary review from the Texas Court of Criminal Appeals.

In this habeas petition, Daily contends that, due to ineffective assistance of counsel, he was convicted for a crime he did not commit. Although he admits he committed robbery, he claims he used a toy gun during the offense. Under Texas law, therefore, he is not guilty of aggravated robbery. Daily asserts that he told his attorney that he used a toy gun and that his attorney informed him it made no difference. Based on this erroneous advice, Daily did not testify in his own defense. And the jury did not receive the critical toy gun information.

This petition is not Daily's first collateral attack on his conviction. He has filed three petitions for state writ of habeas corpus, and this application is his third for federal habeas relief. The district court, therefore, raised the abuse of writ issue sua sponte. It determined that Daily's petition was procedurally barred because he could not demonstrate cause and prejudice. The district court likewise concluded that Daily's case did not implicate the "fundamental miscarriage of justice" exception to the procedural bar rule because it did not interpret Daily's claim as one of factual innocence. Although we disagree in part with the district court's reasoning, we concur in its result.

---

[2]    While on parole for the aggravated robbery offense, Daily committed a second crime. In August of 1994, he pled guilty to the felony offense of indecency with a child. He is presently serving time for both felonies. This § 2254 petition, however, relates only to the aggravated robbery offense.

2

II.

Under Rule 9(b), a habeas petition may be dismissed even though the petitioner alleges new or different grounds for relief if "the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."  Once the writ abuse issue has been raised, a petitioner bears the burden of demonstrating cause for not raising the new claims in a previous petition and prejudice from the error claimed.  McCleskey v. Zant, 499 U.S. 467, 489-96 (1991).  A petitioner who cannot show cause and prejudice must demonstrate that a refusal to entertain his defaulted claims will result in a fundamental miscarriage of justice.  He must allege that he is actually innocent of the crime for which he was convicted.  See e.g., Schlup v. Delo, 115 S. Ct. 851, 864 (1995).  Daily can meet neither test.  The district court, therefore, did not abuse its discretion in dismissing his petition under Rule 9(b).

Daily has not demonstrated cause for failing to raise the toy gun claim in a previous petition.  To show cause, a prisoner must show that some objective, external factor prevented him from raising the claim earlier.  McQueen v. Whitley, 989 F.2d 184, 185 (5th Cir. 1993).  That the factual or legal basis of the claim was reasonably unavailable qualifies as cause.  Id.  Daily excuses his delay by arguing that he only recently discovered legal significance of the toy gun.  However, the petitioner himself refers to a 1976 case in which the Texas Court of Criminal Appeals held that a B.B. gun, unless used as a bludgeon, does not qualify as a deadly weapon because it is "not calculated to produce death

3

or serious injury." Mosley v. State, 545 S.W.2d 144, 145-46 (Tex. Crim. App. 1976). The Mosley court, therefore, reversed the defendant's conviction for aggravated assault. Id. at 146. Mosley demonstrates that, at the time Daily filed his first petition, the legal basis for the claim he presents here was reasonably available. He cannot demonstrate cause; therefore, his claim is procedurally barred.

Daily, however, argues that because he used a toy gun when he committed robbery he is innocent of the offense of aggravated robbery. Therefore, the district court abused its discretion in dismissing his habeas petition. He asserts that his is the rare case in which strict application of the procedural bar rule will result in a fundamental miscarriage of justice. We disagree.

The Supreme Court has emphasized that credible claims of actual innocence are extremely rare. To assert a credible claim so as to qualify for this narrow exception to the procedural bar rule, a prisoner "must support his allegations of constitutional error with new reliable evidence-- whether it is exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-- that was not presented at trial." Schlup, 115 S. Ct. at 865. In Schlup, the petitioner presented a plethora of evidence, including a number of affidavits from uninterested persons, to support his contention that he did not commit the murder for which he was convicted. Id. at 858, n.18. The Court, therefore, reversed the circuit court's decision that the petitioner's habeas claim was procedurally barred. Id. at 869. It remanded the case, instructing the district court to consider whether it was more

4

likely than not that, in the face of this evidence, no reasonable jury would have found the defendant guilty beyond a reasonable doubt.  Id.

Daily's case is distinguishable.  His evidence may be new. And it may indicate that he is innocent of aggravated robbery. However, it is not reliable.  Fifteen years after he was tried and convicted for aggravated robbery, he offers only his own self-serving affidavit as evidence that he did not employ a deadly weapon.[3]  We do not find it necessary to remand this case to the district court with instructions that it apply Schlup to Daily's claim.  See Nave v. Delo, 62 F.3d 1024, 1032 (8th Cir. 1995)(declining to remand and distinguishing Schlup on grounds that it was fact intensive and required that testimony be taken).  Faced with Daily's self-serving statements, given for the first time fifteen years after his first trial, a reasonable jury would likely find Daily guilty of aggravated robbery beyond a reasonable doubt. The district court, therefore, did not abuse its discretion in dismissing Daily's petition as an abuse of the great writ.

For these reasons, we affirm the district court's dismissal of Daily's § 2254 petition under Rule 9(b).

AFFIRMED.

---

[3]   After the district court dismissed his petition, Daily submitted the affidavit of his brother, Michael Daily, as corroborating evidence.  This court will not consider evidence never presented in any form to the district court.  Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291, 297 (5th Cir. 1987); Scarborough v. Kellum, 525 F.2d 931, 933 n.4 (5th Cir. 1976)(habeas case).  However, even if we were to consider it, Michael Daily's affidavit would not affect our conclusion.

5