**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 11, 2011

Lyle W. Cayce
Clerk

No. 10-40568
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS TORRES-LOPEZ, also known as Juan Torres Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-2651-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Torres-Lopez (Torres) pleaded guilty to illegal reentry following deportation after conviction of an aggravated felony in violation of 8 U.S.C. 1326(a), (b)(2). The district court sentenced Torres to 77 months in prison. In this appeal, Torres argues that the district court erred when it assessed one criminal history point under former U.S.S.G. § 4A1.1(e) in light of the amendment deleting this provision and that his 77-month sentence is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantively unreasonable because it is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

Because Torres did not raise in the district court his argument regarding § 4A1.1(e), our review is for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Torres was sentenced prior to the effective date of Amendment 742, which eliminated criminal history points based on recency by deleting former § 4A1.1(e). United States Sentencing Commission, Guidelines Manual, Supp. to Appendix C, Amendment 742, pp. 354-56 (Nov. 1, 2010). Therefore, the district court correctly applied former § 4A1.1(e). *See United States v. Windham*, 991 F.2d 181, 182-83 (5th Cir. 1993).

Torres also argues that his sentence is substantively unreasonable. Because Torres objected in the district court to the substantive reasonableness of his sentence for the same reasons he raises here, we review the district court's application of the guidelines is de novo and its findings of fact is for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Torres's arguments regarding the district court's consideration of various sentencing factors amount to nothing more than his disagreement with the court's weighing of those factors and the appropriateness of his within-guidelines sentence. Torres's disagreement does not suffice to show error in connection with his sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Torres has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence, nor has he shown that his sentence was unreasonable. *See Gall v. United States,* 552 U.S. 38, 51 (2007); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.