**Michael K. POLAND, Plaintiff,**

**v.**

**Janet RENO, Attorney General, et al., Defendants.**

**No. Civ.A. 98–2301 (RCL).**

United States District Court, District of Columbia.

Oct. 16, 1998.

---

Dale Andrew Baich, Office of the Federal Public Defender, Phoenix, AZ, for Plaintiff.

Grant Woods, Kent E. Cattani, Attorney General's Office, Phoenix, AZ, for State Defendants.

Wilma Lewis, Mark Nagle, Halsey Frank, United States Attorney's office, Washington, DC, for Federal Defendants.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

Plaintiff Michael K. Poland has filed this action to prevent his execution by Arizona authorities, which is scheduled to take place on October 20, 1998.

The named federal defendants are Janet Reno, Attorney General, Kathleen Hawk Sawyer, Director of the Federal Bureau of Prisons, Mike Adams, Warden of the Federal Correctional Institution at Lompoc, California, and Joe Booker, Warden of the Federal Correctional Institution at Leavenworth, Kansas.

The named State defendants are Grant Woods, Attorney General of Arizona, Terry Stewart, Director of the Arizona Department of Corrections, and Charles R. Hastings, the County Attorney for Yavapai County, Arizona.

In his complaint and in his motion for a preliminary injunction, plaintiff claims that by refusing to return him to federal custody, the State defendants are violating the Interstate Agreement on Detainers (to which both the federal government and Arizona are parties), 18 U.S.C.App. 2 ("IAD"). Plaintiff also alleges a breach of contract, as well as other violations by State officials.

Plaintiff claims that the federal defendants have improperly failed to obtain his return to federal custody to serve his federal sentence, and that they have also breached a contractual duty to the plaintiff, violated the IAD, and violated other rights of plaintiff.

■ Most significant to this court is that plaintiff raised the question of whether Arizona could execute him even though his federal sentence remained outstanding in the United States District Court for the District of Arizona, and his claim was squarely rejected by that court, and by the United States Court of Appeals for the Ninth Circuit, and *certiorari* was denied by the United States Supreme Court. *Poland v. Stewart,* 117 F.3d 1094 (9th Cir.1997); cert. den. —— U.S. ——, 118 S.Ct. 1533, 140 L.Ed.2d 683 (1998). (The court notes that in 1986 the United States Supreme Court reviewed the decision of the Arizona Supreme Court affirming the conviction and death sentence of plaintiff. *Poland v. Arizona,* 476 U.S. 147, 106 S.Ct. 1749, 90 L.Ed.2d 123 (1986).)

The Ninth Circuit's 1997 decision reasoned that the federal government and the State of Arizona are separate sovereigns, each of which has a legitimate interest in vindicating its own laws. Both have the authority and the discretion, under the Ninth Circuit's ruling, to yield their interest out of respect for the other's. Such decisions were held to be executive, not judicial functions, and convicts do not have standing to challenge such arrangements that sovereigns make respecting each other. *Ibid.,* 117 F.3d at 1097–1098.

Accordingly, this case must be dismissed for lack of standing, which deprives this court of jurisdiction to decide the questions presented.

■ A myriad of other difficult jurisdictional issues are raised in the motion to dismiss filed by the federal defendants and adopted by the State defendants. Most interesting is whether this case can only be maintained as a *habeas* brought against the plaintiff's custodian in the District where he is currently held in custody. Under the *en*

*banc* caselaw of the District of Columbia Circuit, it appears that defendants are correct that prisoners maintaining a challenge to the lawfulness of their confinement must proceed by means of a habeas suit in their district of incarceration. *Chatman–Bey v. Thornburgh,* 864 F.2d 804 (D.C.Cir.1988). *See also Guerra v. Meese,* 786 F.2d 414 (D.C.Cir.1986). Accordingly, even if plaintiff had standing, this court would still have no jurisdiction to adjudicate this case in this district.

■ Yet a third reason to grant defendants' dismissal motion, even if plaintiff had standing and this court otherwise had jurisdiction to decide this case, is that plaintiff is precluded from presenting this case because it would be an abuse of the writ since it is a successive petition and the plaintiff has failed to show cause why this should be allowed. As noted above, plaintiff did not bring this case or a habeas proceeding in Arizona, because he has already done so and lost. Plaintiff litigated in the prior habeas case, against the proper defendant, Terry Stewart, the Director of the Arizona Department of Corrections, whether Arizona could carry out its death sentence and not return plaintiff to federal authorities before plaintiff's execution. No facts have changed. No new facts have been discovered. Plaintiff just doesn't like the result of the prior proceeding, and he now grasps at straws for new legal theories so that he can continue to wage the battle he has been winning for 21 years—to avoid execution. The operative facts which give the plaintiff a right to seek redress do not entitle the plaintiff to do it again and again until he finds a judge who will give him another stay. This case presents a perfect example of the kind of abusive litigation that has led to calls for reform of prisoner litigation. The interest of finality and judicial efficiency dictate that these new legal theories not be considered at all, since they are just a part of forum shopping and piecemeal litigation that

need to be rejected out of hand. Plaintiff's claim here is barred by his failure to include these claims in his prior litigation. *See Montgomery v. Meloy,* 90 F.3d 1200, 1204 (7th Cir.1996); *Woods v. Whitley,* 933 F.2d 321, 324 (5th Cir.1991); *Gunn v. Newsome,* 881 F.2d 949, 963 (11th Cir.1989).

Nevertheless, because this case comes before the court on an emergency application to stay an execution that is now just days away, and because there is no doubt that other judges will be called upon to review this matter in short order, the court will also express its views on the merits of plaintiff's claims.

■ It appears clear to this court, in any event, that the Attorney General (and/or the Bureau of Prisons) has plenary authority to designate the Arizona Department of Corrections as a facility where Poland's sentence may be served.[1] Where Arizona has tried and convicted Poland and sentenced him to death—all of which has been upheld by all reviewing courts, state and federal—there is simply no legal impediment to Poland's execution that can be derived from the Interstate Agreement on Detainers. This is particularly so in light of the clearly correct conclusion that a sending state (or here, the federal government) "may waive any of its rights under the Act, including its right to have [a prisoner] returned to its jurisdiction." *Coughlin v. Poe,* 835 F.Supp. 585, at 592 (E.D.Okla.1993). Indeed, as the *Coughlin* court explicitly stated, the Interstate Agreement on Detainers "does not provide, much less suggest, that a prisoner has the right to dictate the order in which he is to serve his multiple sentences." *Id.* "The question of jurisdiction and custody of prisoners is essentially one of comity between the member States and not a personal right of prisoners." *Id.*

■ The court also observes that even if the court had the power to reach the merits

---

1. The record reflects that Normal Carlson, the Director of the Federal Bureau of Prisons, decided on August 12, 1983, that the federal government would not press the State of Arizona for the return of plaintiff to federal custody. Federal Defendants' Exhibit K. Director Carlson acted pursuant to authority delegated by the Attorney

General at 28 C.F.R. § 0.96(c), implementing 18 U.S.C. § 4085. This discretionary decision to transfer a prisoner is not judicially reviewable. *See Scalise v. Thornburgh,* 891 F.2d 640, 645–46 (7th Cir.1989), *cert. den.* 494 U.S. 1083, 110 S.Ct. 1815, 108 L.Ed.2d 945 (1990).

of plaintiff's breach of contract claim, the claim would be rejected. The plaintiff's waiver of any opportunity to object to his transfer to the custody of Arizona state authorities simply did not create any contract, and the federal government never made any promise at all to bring plaintiff back into federal custody.

The other claims made by plaintiff revolve around his allegation that federal authorities have some sort of duty to protect the integrity of the federal sentence that plaintiff received, but there simply is no such duty. As all courts who have looked at such matters have said, these are matters to be resolved by the two sovereigns, and plaintiff really has no say in the matter. Again, even if the court reviewed the merits of plaintiff's claims, plaintiff would lose. There simply is no merit to any of plaintiff's arguments.

Accordingly, defendants' motions to dismiss will be granted, and plaintiff's motion for a preliminary injunction will be denied as moot.

Further delay in the execution of plaintiff is totally unwarranted. It is past time for the final judgments which have been rendered in plaintiff's case—repeatedly—to be carried out. Any stay pending appeal in this case will be denied, as plaintiff has no likelihood of success on the merits, and there is a strong public interest in carrying out final criminal sentences properly adjudicated by the courts. Twenty-one years of due process is enough; plaintiff does not deserve another day.